ALMT ETMUND ET AL., APPELLEES, v. JOHN ETMUND, APPELLANT.

FILED JANUARY 9, 1909.  No. 15,440.

1. Executors and Administrators: APPEAL: FINAL ORDER. The appellant, who was administrator of one estate and guardian of two others, in which the same persons were interested, intermingled the funds and accounts of said estates. He filed a final report applying to all three of the estates in the county court, which made findings and an informal order thereon. Afterwards, he filed a supplemental report in connection with and based upon his former report and upon the findings of the county court. Separate appeals were taken to this court from both orders. The appellant objected in the district court that the first order was not a final order and not appealable, and also that the second

order, which is set forth in the opinion, was not a final order. *Held,* (1) That, whether the first order was final or not, the adoption of the first report and findings in the supplemental report carried the whole accounting forward into the second order which terminated the matters in issue, and that an appeal from this order brought up the whole record; (2) that the second order was final and appealable.

2. ———: ———: TRANSCRIPT. Where a partial transcript on appeal from the county court was filed in the district court within the statutory time, it was not error for the district court to allow a portion of a transcript in the same case, which had formerly been filed in the district court, to be attached thereto and made a part thereof.

3. Costs: SEPARATE APPEALS. Where separate appeals are filed in the district court and the cases are consolidated, the costs of the several transcripts are properly taxed against the losing party, since each transcript is necessary to the appeal.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Billingsley & Greene,* for appellant.

*Berge, Morning & Ledwith, contra.*

LETTON, J.

This is an appeal from a judgment of the district court for Lancaster county rendered on appeal from certain probate and guardianship proceedings in the county court of that county. The appellant, John Etmund, is administrator of the estate of Wiard Etmund, deceased. He is also the guardian of Wiard Etmund, Henry Etmund and Anna Etmund, minor heirs of Wiard Etmund, and is also guardian of Almt Etmund, insane, who is the widow of Wiard Etmund, deceased. The deceased, Wiard Etmund, was a brother of the appellant. The appellant was appointed in these several capacities at different times prior to 1886. During the 14 years next after his appointment the appellant filed a number of reports in the county court with reference to his administration of these trusts, but his reports were confused and indefinite, so much so that

it was almost impossible to tell to which account the various items belonged or in what capacity they were filed; some of these reports being filed by him as administrator, some as guardian of the minors, some in the insane guardianship matter. The disorderly, careless and involved nature of the accounts kept by the appellant was such that it required the service of an expert accountant to disentangle them before his final report was approved in the county court.

On the 8th day of November, 1901, a final report, apparently intended to apply to all three estates, was filed by the appellant. Objections were filed to this report by the minor heirs. A hearing was had upon the objections, and upon May 6, 1903, the county court entered its findings and decree in the three trusts. The court made full and specific findings as to certain items, and, after finding the sums with which the appellant should charge and credit himself, it was found that he "should pay over of the balance remaining in his hands 12-18 to the present legal authorities to receive the same for Almt Etmund, 2-18 to Anna Etmund, 2-18 to Henry Etmund and 2-18 to Wiard Etmund; * * * and that thereupon his resignation in his said several capacities shall be accepted, and he be discharged from all further duties and liabilities by reason of any matters and transactions covered in this decree. To all of which findings and judgment each and all of the parties interested herein except, including the guardian *ad litem,* T. M. Wimberley, and pray an appeal. Judgment accordingly." An appeal bond was filed on May 9, 1903, and the transcript was filed in the district court upon June 9, 1903. A supplemental report was afterwards filed in the county court, and objections thereto were filed by the minor heirs. A hearing was had upon the supplemental report and the objections, and on August 15, 1903, the following final judgment was entered: "It is therefore considered, adjudged and decreed by the court that the said report be, and the same is, in all things confirmed, and the said John Etmund, administrator of

the estate of Wiard Etmund, deceased, is discharged as such upon compliance with the decrees of this date made in the matter of the guardianship of Almt Etmund, insane, and of Anna Etmund, Henry and Wiard Etmund, his wards."

An appeal from this judgment was taken and filed in the district court September 8, 1903. In the district court a motion to dismiss the appeal filed June 9, 1903, was made on the ground that the order from which the appeal had been attempted was not final. The motion was overruled, which is assigned as error. This contention is earnestly argued, and a number of authorities are cited. In the view we take of the case, we think it is unnecessary to consider this assignment, since there is no question but that the order made upon August 15 was a final order of discharge. This was based upon the first report and the findings made and entered upon it on May 6. Conceding that the order of that date was merely interlocutory, its findings were adopted in the supplemental report of the appellant, which recited that it was made in connection therewith, and the first order was thus carried forward with and formed part of the supplementary findings and order of August 15. We think the appeal from the latter judgment, therefore, opens both reports.

When the transcript of the supplemental proceedings in the county court was filed in the district court, the transcript formerly filed was attached thereto without leave of court. A motion was then made by the appellant, asking that he be allowed to separate the transcript filed June 9, 1903, from the ten pages of supplementary transcript filed September 8, 1903, without leave of court. On the hearing of this motion, the court found that the first thirty-three pages of the transcript filed June 9 had attached to it without leave of the court at the time ten additional pages filed September 8, but at this hearing, on the motion of the minors, the court granted leave as of September 8, 1903, to attach the filings of June 9, 1903 to those of September 8, 1903, and to consolidate same. The

effect of this order was to make that portion of the transcript filed June 9 a part of the transcript filed upon September 8.

Following this order, the guardian moved the court to dismiss the appeal for the reason that the order and decree was not final, which was overruled. The certificate of the county judge to the transcript of September 8 shows that the transcript included "the final report, etc., objections to the final report, etc., objections to the final report, amended final report, findings, decree and judgment, order allowing appeal * * * objections to the supplementary report, decree, and appeal bond." The district court, therefore, had before it a duly authenticated transcript of all the proceedings that had been had upon the original final report, the amended final report, and upon the supplemental report, together with all the findings and the final decree. This was sufficient to confer jurisdiction. A motion was made in the district court to consolidate all three cases and transfer the case to the equity docket. This motion was overruled, but afterwards, by agreement of the parties, the cases were consolidated and the cause was tried to a jury. No bill of exceptions was preserved; hence, the only points which we can consider are those raised by the exceptions in the transcript and argued in the brief. We think the appellant is in no position to stand upon technical objections to the proceedings of the district court. The district court seems to have adopted a method for the disposition of the confused and disorderly accounts submitted to it of which the appellant should be the last person to complain.

We think no error was committed in the disposition of the case. The appellant apparently made no attempt in his administration of these trusts to keep the funds separate and apart. He filed an involved and complicated account which no one, unless an expert bookkeeper, could understand or unravel. He introduced almost inextricable confusion into the affairs of the several trust estates,

and he now seeks to take advantage of these wrongs and troubles of his own creation.

As to the motion to retax costs, the district court sustained the motion in part and overruled it in part. There were three separate appeals filed in the district court, and, of course, the costs for the separate transcripts were properly taxed against the losing party, which is the main complaint made as to the ruling upon the motion.

The judgment of the district court finding no error in the record is

AFFIRMED.

DEAN, J., not sitting.